IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Meridian Laboratories Inc., <br>     an Illinois Corporation, | ) <br> ) | Case No. |
|     Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | Jury Trial Demanded |
| OncoGenerix USA, Inc., <br>     a California Corporation, | ) <br> ) <br> ) | |
|     Defendant. | ) <br> ) <br> ) | |

**COMPLAINT**

Now comes Plaintiff Meridian Laboratories Inc. ("Meridian") and states as follows for its Complaint against Defendant OncoGenerix USA, Inc. ("OncoGenerix"):

**Summary of the Action**

1. Pursuant to an agreement entered into by the parties, Meridian retained OncoGenerix in 2016 to undertake process development, stability filling, and stability testing of ML 141, Meridian's proprietary liquid formulation of docetaxel injection for the treatment of multiple forms of cancer. OncoGenerix misrepresented to Meridian whether it could actually perform the tasks it agreed to undertake both before and after entering into the agreement. Because of its complete inability to perform as represented, OncoGenerix failed to perform as required under the agreement, unjustifiably placed its performance "on hold," caused significant delays in Meridian's ability to develop and market ML 141, caused Meridian to fail to earn certain milestone payments dependent

upon OncoGenerix's timely performance, and otherwise harmed Meridian by its breach of their agreement.

2. Meridian demands a trial by jury on all issues so triable.

### Parties

3. Plaintiff Meridian Laboratories Inc. is an Illinois corporation with its principal place of business located in Buffalo Grove, Illinois.

4. On information and belief, Defendant OncoGenerix USA, Inc. is a California corporation with its principal place of business in San Diego, California.

### Jurisdiction and Venue

5. By this action, Meridian seeks in excess of $75,000.00, exclusive of interest and costs.

6. This Court has subject matter jurisdiction over this case based on diversity of citizenship under 28 U.S.C. §1332(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

8. Pursuant to the Agreement entered between Meridian and OncoGenerix, the parties agreed that any dispute arising from that contract must be submitted to the exclusive jurisdiction of the federal courts located in Cook County, Illinois.

### General Allegations

9. Docetaxel is a compound that has been known for years to be an effective treatment for many cancers. Unfortunately, currently available proprietary formulations for delivering docetaxel contain stabilizing ingredients such as tween 80 and ethanol that have serious side effects that often limit the dosage of docetaxel that can be delivered to cancer patients.

2

10. Meridian has developed a formulation of docetaxel that is both stable and free from the ingredients in current docetaxel formulations. Meridian's formulation is known as ML141.

11. Because it is free from ingredients that cause side effects, patients will be able to tolerate ML141 better than currently available treatments and will be able to receive higher doses of docetaxel, leading to improved outcomes in treating their cancers.

12. On September 26, 2016, Meridian and OncoGenerix entered into a Service Provider Agreement whereby OncoGenerix agreed to undertake process development, stability filling, and stability testing of ML 141. On April 7, 2017 the parties entered into Addendum 1 to Service Provider Agreement, and on May 3, 2017 the parties entered into Addendum 2 to Service Provider Agreement. The Service Provider Agreement and both Addenda are collectively referred to herein as the "Agreement."

13. Owing to the potentially confidential nature of some of the data and information contained in the Service Provider Agreement and Addenda, they are not attached hereto as exhibits. Meridian anticipates seeking leave to file such exhibits as an amendment to the Complaint upon entry of an appropriate protective order.

14. In early 2017, Meridian entered into a contract with a large international manufacturer and distributer of pharmaceuticals (the "Distributor"), wherein Meridian granted an exclusive license to Distributor to market ML 141 in the United States of America and Canada. Owing to confidentiality provisions of the agreement between Meridian and Distributor, Distributor is not identified by name in this Complaint.

15. OncoGenerix is aware of the specific name and location of Distributor.

16. Under its contract with Distributor, Meridian was entitled to milestone payments of more than $10,000,000, the majority of which was directly dependent upon the timely performance of OncoGenerix in testing and manufacturing sufficient quantities of ML 141.

17. OncoGenerix participated in communications with Distributor regarding the project and was aware of the terms of Meridian's contract with Distributor, including the milestone payments and the necessity of OncoGenerix's timely performance under its Agreement with Meridian in order for Meridian to reach those milestones with Distributor.

18. Meridian performed its obligations under the Agreement, including without limitation payment of hundreds of thousands of dollars to OncoGenerix.

19. OncoGenerix materially breached the Agreement with Meridian by failing to perform as required.

20. Without limitation, OncoGenerix breached Section 3.2(d) of the Service Provider Agreement, requiring OncoGenerix "provide the necessary resources to ensure that the agreed upon schedule for the Purchased Services[1] is implemented," as well as Section 2.1 requiring OncoGenerix to "undertake process development, stability filling and stability testing of…ML 141 in accordance with Contractor's Proposal P16-010 GMP Process Development & Manufacturing Services for ML 141 Docetaxel Injection, Rev. V1.0, dated 16 August 2016 and attached [to the Service Provider Agreement] as 'Attachment 1.'"

---

[1] As used in this Complaint, "Purchased Services" include the "Additional Purchased Services" set forth in Addendums 1 and 2 to the Service Provider Agreement.

21. After numerous communications by Meridian wherein it reiterated that this project, as well as timely performance by OncoGenerix of its obligations under the Agreement, were of the utmost importance to Meridian, OncoGenerix continued in its lack of performance of the material terms of the Agreement.

22. OncoGenerix communicated to Meridian that it was placing its performance "on hold" pursuant to an email dated July 17, 2017, despite the fact that nothing in the Agreement between the parties permitted OncoGenerix to place its performance on hold.

23. To the contrary, the Agreement contains numerous provisions relating to the obligation of OncoGenerix to perform timely.

24. On August 28, 2017 and pursuant to Section 4.3(c) of the Service Provider Agreement, Meridian notified OncoGenerix in writing that their Agreement would be terminated if OncoGenerix did not cure the breaches within 10 days.

25. OncoGenerix failed to cure its breaches, and Meridian terminated the Agreement on September 15, 2017.

26. As a direct and proximate result of OncoGenerix's breach, Meridian foreseeably and predictably was unable to meet the requirements entitling it to milestone payments with Distributor.

27. Despite demands by Meridian, OncoGenerix refused to refund to Meridian all sums advanced by Meridian for Purchased Services that OncoGenerix failed to complete.

28. Owing to the Agreement, OncoGenerix had a duty of care toward Meridian, and OncoGenerix breached that duty of care.

29. OncoGenerix's actions described herein indicate a wanton disregard of Meridian's rights.

30. At all relevant times, including without limitation during negotiation of the Agreement, OncoGenerix lacked the capabilities and personnel to perform as required under the Agreement.

31. OncoGenerix made representations to Meridian regarding its capabilities and personnel which were false and which were known by OncoGenerix to be false at the time such statements were made.

32. By its false statements, OncoGenerix intended to induce Meridian to pay hundreds of thousands of dollars for services OncoGenerix could not perform.

33. After making numerous visits to OncoGenerix's facility, Meridian reasonably relied on OncoGenerix's statements.

34. Meridian suffered damages resulting from its reliance on OncoGenerix's representations.

35. After terminating the Agreement with OncoGenerix, Meridian retained another company for the project who, with the same information and active pharmaceutical ingredients ("APIs") that Meridian provided to OncoGenerix, was able to complete in a few weeks the work OncoGenerix failed to complete in a year.

## COUNT I – BREACH OF CONTRACT

36. Meridian incorporates and reasserts the allegations in the preceding paragraphs as if set forth fully herein.

37. Meridian entered into a valid and enforceable Agreement with OncoGenerix.

38. Meridian has performed the conditions on its part under the contract with OncoGenerix.

39. OncoGenerix has materially breached the contract by, without limitation, failing to perform the Purchased Services and instead placing its performance "on hold" without any contractual right to do so.

40. Meridian has been damaged by OncoGenerix's breach.

WHEREFORE, Meridian Laboratories Inc. respectfully requests that the Court enter judgment in its favor and against OncoGenerix USA, Inc., providing for all of the damages it has suffered in an amount to be shown at trial, along with post judgment interest, expenses, costs of suit, and such other and further relief as allowed by law and as the Court deems just.

Dated: August 31, 2018　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　 /s/ Michael D. Smith
　　　　　　　　　　　　　　　　　　　　Michael D. Smith
　　　　　　　　　　　　　　　　　　　　Law Office of Michael D. Smith, P.C.
　　　　　　　　　　　　　　　　　　　　53 West Jackson Boulevard
　　　　　　　　　　　　　　　　　　　　Suite 1663
　　　　　　　　　　　　　　　　　　　　Chicago, IL 60604
　　　　　　　　　　　　　　　　　　　　(312) 546-6138
　　　　　　　　　　　　　　　　　　　　msmith@smithlawchicago.com
　　　　　　　　　　　　　　　　　　　　IL ARDC No. 06210109